## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ROSE ANDRE,

    Plaintiff,                                               Case No. 6:20-cv-01589

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

_____/

## COMPLAINT

**NOW COMES,** ROSE ANDRE, through her undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    ROSE ANDRE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    MIDLAND CREDIT MANAGEMENT, INC. ("MCM" or "Defendant") is a corporation organized and existing under the laws of Kansas.

7. MCM has its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California, 92108.

8. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of MCM's business is the collection of debt.

9. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. On or around August 5, 2020, Plaintiff received a collection letter from Defendant attempting to collect upon an allegedly defaulted Capital One Bank credit card in the amount of $4,501.42. ("subject debt").

11. Defendant's collection letter dated August 5, 2020 stated "*if we don't hear from you or receive payment, MCM may proceed with forwarding this account to an attorney.*"

12. Plaintiff, concerned regarding the language of the letter, immediately phoned Defendant to discuss the subject debt.

13. Plaintiff was connected with a live representative.

14. Defendant's representative explained that if Plaintiff and Defendant were not able to come to a payment agreement regarding the subject account that Plaintiff's account "*would be sent to an attorney for review*" (Emphasis added).

15. Plaintiff was confused and startled by that statement as it was a direct contradiction to the statements in the collection letter she received.

16. Defendant's representative again attempted to pressure Plaintiff into setting up a payment plan.

17. Defendant's representative again stated that if there was not an agreement made that Plaintiff's account would be sent to an attorney.

18. Plaintiff felt stressed, worried and unsure as to what to do as she did not have the ability to agree to a payment plan at the time.

19. Plaintiff eventually terminated the call.

20. Concerned with having had her rights violated, Plaintiff was forced to retain counsel to vindicate her rights.

## CLAIMS FOR RELIEF
## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Paragraphs 10 through 20 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The alleged debt in which Defendant was attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

    **a. Violations of FDCPA §§1692e**

25. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

26. Specifically, §1692e2(a) states the debt collector is prohibited from false representation of the character, amount or legal status of any debt.

27. Specifically, §1692e(5) states the debt collector is prohibited from false representation of the threat to take any action that cannot legally be taken or that is not intended to be taken.

28. Defendant violated §1692e, e(2)(a) and e(5) by falsely representing, through implication, that Plaintiff's account would be sent to an attorney for review if a payment plan was not made while she was on the phone with Defendant.

29. The statement by Defendant's representative was in direct contrast to what the collection letter stated as discussed above.

30. Upon information and belief, Defendant's representative made the statement that Defendant *WOULD* send Plaintiff's account to an attorney in an attempt to elicit payment from Plaintiff.

31. Upon information and belief, Defendant had no intention of sending Plaintiff's account to an attorney at that time.

32. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that MCM violated 15 U.S.C. § §1692e, e(2)(a) and e(5);
B. an award of any actual damages sustained by Plaintiff as a result of MCM's violation(s);
C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;
D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and
E. an aware of such other relief as this Court deems just an proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: August 29, 2020                                 Respectfully Submitted,

**ROSE ANDRE**

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*